```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
            FLORENCE DIVISION
```

| | |
|---|---|
| Victor Ulises Lara-Torres, ) | Civil Action No. 4:12-cv-2975-TLW |
| ) | Criminal No. 4:09-cr-00232-TLW |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| The United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court for consideration of the *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Victor Ulises Lara-Torres ("Petitioner"). Petitioner entered a plea agreement on November 30, 2011, pleading guilty to Count 1 of the Indictment, which charged Petitioner with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, and 50 grams or more of crack cocaine, a violation of Title 21, United States Code, Section 846. (Docs. #168, 237).

Petitioner filed the present Section 2255 motion on October 15, 2012, alleging four grounds of ineffective assistance of his trial counsel, Brown Johnson ("Johnson"). (Doc. #318). Johnson submitted an affidavit in response to Petitioner's ineffective assistance of counsel claims. (Doc. #336). The United States of America ("Government") filed a response in opposition to all grounds and moved for summary judgment. (Doc. #337, 338). Petitioner filed a timely reply in opposition to the Government's motion. (Doc. #341). The matter is now ripe for decision.

1

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the district court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## **STANDARD OF REVIEW**

The Government filed a response and moved for summary judgment as to all grounds raised by Petitioner. (Doc. #210). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Once the moving party meets its responsibilities by making and supporting a motion for summary judgment under Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than rest upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which element that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact" because a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23.

## ANALYSIS OF CLAIMS

Petitioner asserts in his motion that his counsel was ineffective for failing to file a notice of appeal after being instructed to do so. Initially, Petitioner signed and filed a form, captioned "Right to Appeal," and checked the box stating "I do not want to appeal." (Doc. # 289). Petitioner now indicates in his habeas filing that he requested counsel to file a notice of appeal after sentencing but that counsel did not "file one on my behalf." (Doc. #317 at 3). In an affidavit submitted by trial counsel and filed with the Court, trial counsel indicates that "[t]he defendant never asked to file a Notice of Appeal. In view of the evidence and the sentence guidelines, an appeal would be frivolous and I so advised the defendant." (Doc. #336 at 3). While the Government argues that Petitioner waived his right to appeal on the "Right to Appeal" form after sentencing, (Doc. #289), Petitioner nonetheless now asserts that he instructed his counsel to file a notice of appeal.

The Fourth Circuit has concluded that "a criminal defense attorney's failure to file a notice of appeal when requested deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). This deprivation of the right to appeal entitles Petitioner to relief under 28 U.S.C. § 2255. See id. The Fourth Circuit clarified that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007). Thus, the Fourth Circuit concluded that an appeal must be filed when the client so desires, regardless of whether the plea agreement contains an appeal waiver.

When faced with such an allegation from a habeas petitioner, the Court may vacate the judgment of conviction and immediately enter a new judgment from which a direct appeal may be taken. See Holmes v. U.S., 2010 WL 17912565, 2 (D.S.C. 2010) (citing United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993)). This action will allow the petitioner to make a timely appeal pursuant to the Federal Rules of Appellate Procedure. Under these circumstances, this Court concludes it is appropriate to allow the appeal to proceed. A hearing in this matter would not resolve the factual dispute adverse to the Petitioner or change the outcome of this decision. Therefore, the Court grants the Petitioner relief under 28 U.S.C. § 2255 allowing him to proceed with an appeal.

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Petitioner's motion for relief under 28 U.S.C. § 2255 is **GRANTED** with respect to Petitioner's claim that his attorney failed to file a notice of appeal on his behalf. Therefore, the Court hereby vacates Petitioner's sentence of conviction and immediately reinstates and reimposes his conviction. The Petitioner shall have 14 days from the filing date of this Order to file a notice of appeal of his original conviction and sentence. In addition, the Clerk of Court is directed to refer this case to the Magistrate Judge assigned to it for purposes of appointing an attorney to assist the Petitioner with his appeal.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

August 16, 2013
Columbia, South Carolina